Johnson, J.,
 

 delivered the opinion of the court. — ■ In the argument of counsel in this case, the only point which has been thought necessary to dwell upon, is the legal certainty of the complainants entry. Pursuing the principle, that a plaintiff must recover upon the strength of his own title, .and not on the weakness of his adversary’s, the defendant has not entered into any discussion relative to the sufficiency of his claim to the land in question. The circumstances constituting what in the courts of Kentucky are denominated the calls of the complainants’ entry, are Glover’s Station, Green River, a marked tree on the bank of the river, and a branch emptying itself into the river. The two former are notorious, and the inquiry is, can the others be sufficiently ascertained with relation to them. We are of opinion, that they can. The only objection that can be made to the identity of the tree and branch, with relation to r*,/™ which the complainants have made their survey, and the actual dis- *- tance of those objects above Glover’s Station, the uncertainty attendant upon calling for a tree of which a large number grow along the banks of the river, and the existence of another stream emptying itself into the same
 
 *106
 
 river nearer to Glover’s Station, and which, it is contended, will answer the call.
 

 These difficulties, we are of opinion, are all removed, by considering the courses called for by the complainants with relation to the courses of the river. Above Glover’s Station, and until you reach the bend of the river, above which the complainants’ entry is surveyed, the course of the river is east and west. It there assumes a different direction, and its course is north and south. By surveying the entry at the point where the complainants have located their land, it assumes a shape adapted to the course of the river At any point below where it is situated, and until you reach the place called Glover’s Station, it is impossible that it can be located. This circumstance is sufficient, in our opinion, to establish the branch which was called for, as it is the first you meet with above the bend; and when that is ascertained, there is no longer any difficulty in locating the complainants’ lands.
 

 The jury find, that the tree called for is very conspicuous, and that previous to the date of the complainants’ entry, a tree very near the spot where that is situated was marked D. L. Although a tree of a particular species, at a distance not precisely limited, may be uncertain, where that tree abounds, the impression of a certain mark upon such a tree is a sufficient indentification, when accompanied with the other circumstances of this case, which might have been resorted to by a subsequent locator, to prove the identity of this tree.
 

 In giving this opinion, the court is not uninfluenced by an anxiety to save the early estates acquired in that country. Such was the laxity of the rules upon which the rights of individuals depended, under the land laws of Virginia, that this court feels a strong sense ofthe necessity *of liberality in deciding upon the validity of entries.
 

 The court, therefore, reverses the decree of the district court, and decrees a conveyance, to be executed by the defendant to the complainants, of that part of the land contained in his patent, which is included in the complainants’ survey, and that each party pay their own costs.
 

 Decree reversed.